

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 7, 1968

Honorable Richard E. Rudeloff          Opinion No. M-233
County Attorney
Bee County Courthouse                  Re:  In the purchase of elec-
Beeville, Texas                             tronic voting systems
                                            costing more than $2,000.00,
                                            is it necessary for Bee
                                            County to submit to com-
                                            petitive bids as required
                                            by Article 2368a, Vernon's
Dear Mr. Rudeloff:                          Civil Statutes?

        You request our opinion concerning the captioned
question.

        Article 7.15 of the Election Code of Texas is the
statutory provision for electronic voting systems.  Such sys-
tems to be used in Texas must first be approved by the Secretary
of State in accordance with the terms and provisions of Subdivision
3 of said Article.

        Subdivision 5 of Article 7.15 provides that the com-
missioners court may adopt one or more kinds of electronic
voting systems, approved by the Secretary of State, for use in
elections in part or in all of the election precincts in the
county.  This subdivision expressly states that if such system
is adopted, not less than three precincts shall be furnished
electronic voting systems and that any other authorized method
of voting may be used in the remaining precincts in the county.
No time is specified in this statute as to when the court may
adopt the system, but presumably, in its discretion, the relative
cost to the county would be a factor which the court would con-
sider, and the system may well be adopted after the taking of
bids from the interested parties.

- 1135 -

Subdivision 8(a) of said statute directs that the commissioners court shall provide for payment for such voting equipment and the court is authorized to issue bonds, certificates of indebtedness, warrants or other obligations, which shall be a charge against the general revenue fund of the county. This subdivision further requires the commissioners court to issue such bonds and other obligations in the same manner and with the same authority as provided for the issuance of such bonds and other obligations by the general laws of this State. The necessary tax is directed to be set aside at the time of creating such obligations so as to meet the debt provisions as required by the Texas Constitution.

The proposed contract covering the particular voting system concerned is not before us. However, the company presenting the proposal has furnished a copy of its standard proposal which was presumably used in the instant situation. In this system the voter records his vote on a punch card, using equipment called the "vote recorder." The vote is recorded by pushing a pen-like stylus through a hole next to the party, candidate or issue of the voter's choice. The votes are later tabulated at the central counting station by standard electronic computers. The equipment and technical services are each an inseparable part of the system and the cost is lumped into one price, there being no cost figure shown for the equipment as such. The technical assistance or services are to be furnished in "all phases of planning and implementing" the project, but the bid proposal specifically recites in this connection that "Naturally, there is no charge for these services."

Section 2 of Article 2368a, Vernon's Civil Statutes, known as the Bond and Warrant Law of Texas, provides, in part, as follows:

"Sec. 2. No county, acting through its Commissioners Court, and no city in this State shall hereafter make any contract calling for or requiring the expenditure of payment of Two Thousand Dollars ($2,000.00) or more out of any fund or funds of any city or county or subdivision of any county creating or imposing an obligation or

liability of any nature or character upon
such county or any subdivision of such county,
or upon such city, without first submitting
such proposed contract to competitive bids.
. . .

". . .

"Any and all such contracts or agree-
ments hereafter made by any county or city in
this State, without complying with the terms
of this section, shall be void and shall not
be enforceable in any court of this State.
. . ."

Contracts for personal or professional services are
expressly exempt from the bidding requirements of the statute.
We are familiar with the Texas cases holding that Article 2368a
does not apply to contracts for personal or professional serv-
ices. The contracts involved in those cases are clearly dis-
tinguishable from the proposed contract.

Under the proposed arrangement the parties may not
be said to have made merely a contract for personal or profes-
sional services, with the cost of equipment requiring a certain
payment, to wit, less than $2,000.00, so as to escape the statutory
requirements for competitive bidding. We are concerned here with
an indivisible contract including a system calling for the use of
certain equipment costing in excess of $2,000.00, with no charge
being made for the assistance to be furnished to train personnel
to operate that equipment. This assistance is being furnished
gratuitously and the contractual arrangement as presented cannot
be held to be primarily one for assistance or services.

This office is not free to alter the terms of the
particular contractual arrangement of the parties and we must
take the facts as presented by the proposal. It is our opinion
that the proposed contract in question involves the sale of
electronic voting equipment of a value in excess of $2,000.00
and that in entering into such a contract Bee County is required
to comply with the bid requirements of Article 2368a.

We answer your question in the affirmative.

S U M M A R Y

     In the purchase of electronic voting systems costing more than $2,000.00, it is necessary for Bee County to submit to competitive bids, as required by Article 2368a, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. O. Shultz
Bill Craig
Ralph Rash
John Fainter

A. J. CARUBBI, JR.
Executive Assistant